## IN RE ROJAS.

### Contempt proceedings.

#### No. 4.—Decided November 29, 1911.

CONTEMPT—LETTER ADDRESSED TO SUPREME COURT.—Any person who, not being a party to a proceeding, addresses a communication to the Supreme Court endeavoring to influence it in the decision which is to be rendered in said proceeding is in contempt of court.

ID.—POWER OF SUPREME COURT.—In view of the circumstances attending the specific case to be decided in contempt proceedings, the Supreme Court may dismiss them and not impose punishment on the accused.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
The defendant appeared in his own behalf.

MR. JUSTICE DEL TORO delivered the opinion of the court.

While the appeal was still pending in this court in the case of *The People* v. *Vilar,* for a crime against public morals and decency, consisting in the publication of certain obscene articles in a newspaper edited in the city of Caguas, Manuel F. Rojas addressed and sent to "The Honorable, The Chief Justice of the Supreme Court of Porto Rico, San Juan, P. R.," a letter which reads as follows:

"San Juan, P. R., October 22, 1911. To the Honorable, the Chief Justice of the Supreme Court of Porto Rico, San Juan, P. R. Hon. Sir: With due respect and for the sole purpose of furnishing that honorable court with such accurate information as will give the same exact knowledge of the case taken to that high tribunal on appeal from a sentence imposed upon the humble workman, Juan Vilar, of Caguas, P. R., I am sending to Your Honor copies of 'El

Motín' and 'La Voz del Cantero' in which accounts are published of an event that occurred in the Convent of Santa Isabel de Gracia, in Barcelona, Spain, for the reproduction of which in 'Voz Humana,' a newspaper published in Caguas, P. R., an information was filed against Juan Vilar as the supposed author of a crime against public morals.

"Counsel for the defendant, Juan Vilar, has not had an opportunity to incorporate in his defense the text of the article appearing in said newspapers and for the reproduction of which Vilar was prosecuted.

"Being interested in the absolutely impartial administration of justice and having a full knowledge of the motives which prompted the action, I inclose the said copies which Your Honor may retain for such uses as may be deemed best and for the purpose of a just decision in the matter of the appeal from the sentence imposed on Juan Vilar.•

"Having no other matter which would compel me to engage your honorable attention, I remain, very respectfully yours, (Signed) Manuel F. Rojas, Secretary, Central Labor Union."

The transcribed letter and the inclosed newspapers were referred to the *fiscal* of this court, who, on the 6th of the present month of November, commenced these contempt proceedings by filing an information in due form. The defendant, Rojas, was summoned to appear and show cause why he should not be punished. On the day appointed he appeared and pleaded ignorance of the law of contempt and of the Rules of the Supreme Court, stating that in this manner only could he explain the possibility of his offense to this court, for which he felt the most profound respect. The *fiscal* also appeared on said day and conducted the prosecution of the case, which was submitted for judgment.

We have studied the case carefully and are of the opinion that the accused is guilty of the offense charged, but that, considering the nature of the same and the circumstances thereof and exercising the power with which we are vested in cases of this kind, we should not punish the offender with either fine or imprisonment.

We should, however, clearly establish that in criminal as

well as in civil cases it is incumbent upon the parties in interest only to intervene.  In order that courts of justice may inspire the community with confidence it is necessary that the community be convinced that causes and suits are prosecuted in accordance with the law, all the parties being afforded the same opportunities, but no outside interest or influence being permitted to interfere in the least.

The accused, Rojas, was not a party to the suit of *The People v. Vilar* and, therefore, had no right whatever to intervene in the same, and in so doing and trying to influence this court so that it would render a decision favorable to the defendant he violated the substantial principles of the law which gives all parties really interested an equal opportunity.

Moreover, the manner in which the defendant, Rojas, addressed this court constituted a violation of rule 93 of the court, which rule was inspired by the principles of justice already set forth and which literally reads as follows:

"No lawyer, nor litigant, nor any other person, shall address any letter to any of the justices of this court in reference to any cause, civil or criminal, pending herein; but all communications, writings, briefs or arguments, written or printed, addressed to the court or to any of the justices thereof, shall be filed with the secretary, and be brought to the attention of this court, at the proper time, as prescribed herein."

In view of the foregoing and believing in the sincerity of the statements made by the accused at the hearing, and using the discretional power which we possess in cases of this kind, we are of the opinion that we should dismiss the case without inflicting punishment of fine or imprisonment upon the defendant.

*Case dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

DISSENTING OPINION OF MR. JUSTICE MACLEARY.

. I cannot agree to the judgment of the court rendered herein on the 29th ultimo, and will very briefly state my reasons for dissent. The party, Rojas, is confessedly guilty of a contempt of this court. This he himself acknowledges and every one of the Justices of this court concurs with him in that statement. On October 22 last, he transmitted to this court, through the presiding Justice, a letter by mail inclosing two Spanish newspapers, in which appear two obscene publications. In the letter he endeavors to influence the decision of this court in a criminal case then pending herein contrary to rule 93 of this court and in defiance of the law. He, of course, at the same time violated the Federal statute in sending obscene matter through the mails; but with that offense we have nothing to do here.

A rule to show cause was issued and he was required to make proper answer in writing, which he failed to do.

When the accused failed to answer and show cause under oath why he should not be punished for contempt, the court, having found that the act constituted a contempt, was precluded from any other course than to punish him. His default prevented any excuses being made by any one in his behalf. (*Wartman* v. *Wartman,* Taney U. S. Dec., 369; *Carter* v. *Commonwealth,* 96 Va., 791, 45 L. R. A., 310.)

. If he had come into court and made his answer, confessing his guilt, disclaiming any malice, pleading ignorance, and asking clemency, it might properly have been extended to him; but not having done so there is no reason whatever, as far as I can see, why he should not have been fined, at least a small sum.

The matter is so insignificant that a large fine is not necessary; but it is a very dangerous precedent to set to absolve the delinquent altogether. From similar sentiments of mercy another contemnor was suffered to escape justice in 1905. His case is reported in 9 P. R. R., pages 135-165, to which refer-

ence is made. As the opinion of the court in that case was the sole authority for the remarkable decision in the present case my own views on the subject, expressed in a dissenting opinion in that case, will serve as an argument and give my reasons for dissenting here. In that opinion I took occasion to cite many authorities which I regret to find have not been followed in Porto Rico. I will quote a paragraph from that case which is peculiarly applicable to the one at bar:

"As the court has no power to punish a contempt merely to gratify a personal feeling of indignation or resentment, if any judge could be found so base as to desire so to do, so the court has no right, in view of the law and judicial duty, to forgive an offense of this nature out of a mistaken idea of generosity, pity, or benevolence. It is just as much incumbent on courts to punish contempts, when proved before them, as it is to apply the law concerning theft or arson or any other nefarious crime. It may be a more disagreeable duty, but it ought not to be avoided on that account. The more exacting a duty is the more careful should a man be to perform it fully and carefully. I do not presume to lay down rules for other judges to follow while merely stating my views on questions arising in the course of business as presented for my own consideration. Every man must follow the path of duty as he sees it marked out before him. My way is plain." (*People* v. *Abril*, 9 P. R. R., 135.)

I am still of the same opinion after the lapse of six years. Rojas was inexcusable and should have been punished.